KINNANE, UNITED STATES ATTORNEY FOR
THE EASTERN DISTRICT OF MICHIGAN, v.
DETROIT CREAMERY COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MICHIGAN.

UNITED STATES v. SWARTZ.

UNITED STATES v. SMITH.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MICHIGAN.

Nos. 376–378. Argued October 19, 20, 1920.—Decided February 28, 1921.

Decided on the authority of *United States* v. *Cohen Grocery Co., ante,*
81.
264 Fed. Rep. 845, affirmed.

THESE were direct appeals from the District Court
involving the validity of part of the Food Control Act.
The first was from a decree enjoining the United States
Attorney from prosecuting dealers in milk. The other
two were from judgments quashing indictments based
upon sales of potatoes.

*The Solicitor General* for appellant in No. 376 and
for the United States in Nos. 377 and 378.

*Mr. Charles E. Hughes,* with whom *Mr. William L.
Carpenter* was on the briefs, for appellees in No. 376 and
defendants in error in Nos. 377 and 378.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

In the first of the above cases the Creamery Company
and others, appellees, filed their bill in the court below

against the United States Attorney and the members of the "Federal Fair Price Committee" for an injunction to restrain prosecutions against them for selling milk at alleged unjust and unreasonable rates or charges, in violation of the fourth section of the Lever Act, as reenacted in 1919, on the ground, among others, that the section was repugnant to the Constitution because of its vagueness and because it failed to provide a standard of criminality.

The United States Attorney, after challenging in his answer the right to restrain the performance by him of his official duties, admitted that in its advisory capacity the said price committee had fixed what it had deemed to be a fair price for the sale of milk and that he intended, in the discharge of his official duty, to act upon such advice as the basis for prosecutions where such price was exceeded, and, asserting the constitutionality of the section and the want of merit in the grounds upon which it was assailed, prayed the dismissal of the bill.

A temporary injunction issued and, the case having been submitted on the pleadings without proof, the court, stating that the sole question involved was whether the provision in question of § 4 of the Lever Act was constitutional, decided that it was not, because of its vagueness and uncertainty and of the consequent absence from it of all standard of criminality. The enforcement of said provision was therefore permanently enjoined, and upon this appeal, the sole issue raised by the Government is whether the court erred in holding the provision of the statute in question to be void for repugnancy to the Constitution. That it did not so err, is fully established by the opinion this day announced in the *Cohen Grocery Co. Case,* No. 324, *ante,* 81, and therefore it is our duty to affirm.

The two other cases, Nos. 377 and 378, are likewise so controlled. Both were indictments for selling potatoes

at prices which were alleged to be unjust and unreasonable in violation of the reënacted fourth section of the Lever Act, and in both cases the indictments were quashed because of the unconstitutionality of the section, upon the grounds stated by the court in the *Creamery Case*, No. 376, and they are both here at the instance of the Government because of alleged reversible error committed in so doing. It follows, for the reasons just stated and those expounded in the *Cohen Grocery Co. Case*, that the action below in all three cases must be and the same is hereby

*Affirmed.*

MR. JUSTICE PITNEY and MR. JUSTICE BRANDEIS concur in the result.

MR. JUSTICE DAY took no part in the consideration or decision of these cases.